THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Ex rel Valerie Thames, on behalf of her minor child E.T. by next friend Valerie Thames

Case No. 20-C-0170

**Petitioner**

*Writ of Habeas Corpus § 2241*

V

Milwaukee Police Department
Jane &/or John Doe
Vel Philips Children Detention Center

**Respondents**

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 FOR PERSONS IN CUSTODY

Petition for Writ of Habeas Corpus
Citation References
Procedural History

Authority:
Uniform Parentage Act
Article III Section 1 of the U.S.C.
Article I Section 10 of the U.S.C.
Eighth Amendment to the United States Constitution
Hensley v Municipal Court; 411 U.S. 345 (1973)
Jones v Cunningham; 371 U.S. 236 (1963)
Miller v Fenton, 474 U.S. 104 (1985)
28 U.S.C. § 1651(2)
28 U.S.C. § 1657

### NATURE OF PETITION

The petitioner is in **imminent danger** and is in custody in violation of the United States Constitution and the federal laws of the United States, and its treaties and or regulations. The

Page 1

petitioner is in custody within the meaning of 28 U.S.C. § 2241. Under the United States Supreme Court's ruling and order in **Hensley v Municipal Court; 411 U.S. 345 (1973)**, custody includes not only physical custody, but also restraints that are severe, immediate, and not shared by the public generally. A prior petition for habeas corpus relief has not been filed on behalf of the petitioner. The petitioner submits this application for writ of habeas corpus pursuant to section 28 U.S.C. section 2241. Section 2241 petitions cannot be deemed successive. See **Jacobs; 251 F.3d 596 (7th Cir. 2001).** )

'The Writ is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action.' **See Harris v. Nelson, 394 U.S. 286.** "Therefore, the writ must be "administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." Harris, 394 U.S. at 291. The United States Supreme Court has recognized that parental liberty is a protected constitutional right.

Liberty includes freedom from government abduction of children, and the notion that a child is a 'mere creation of the state' has been vigorously rejected by the Highest Court. (Emphasis Added). "A parent's liberty interest in her relationship with her child is of considerable importance and "far more precious than property rights." **Quoting May v. Anderson, 345 U.S. 528, 533 (1953). See also 270 F.3d 1090, 1098 (7th Cir. 2001)** The Petitioner is incurring grievous and irreparable losses at the hands of the Respondents' due to continuing false imprisonment, unlawful deprivations of liberty and erroneous violations of the Petitioner's constitutional right.

The facts are drawn from the petitioners' petition. Respectfully speaking, the Court must accept them as true and draw all inferences in petitioners' favor. The habeas corpus is specifically designed to protect individual liberty and redress unlawful detention. **See Preiser v**

Page 2

Case 2:20-cv-00170-PP    Filed 02/04/20    Page 2 of 6    Document 1

**Rodriguez, 411 U.S. 475 (1973).** The Writ is in complete compliance with § 2242 requirements for an *application* for a writ. ). However in artfully pleaded this court is obliged to give the petitioners' pro se petition, a liberal construction. **See Haines v Kerner, 404 U.S. 519 (1972).** Pursuant to Rule 8(e) pleadings *must* be construed so as to do justice. 'Justice' as defined by Black's Law Dictionary, 7th Edition is 'the fair and *proper* administration of laws'."

## Preliminary Injunction

The Respondents'' should be immediately enjoined from continuation the false imprisonment and the void jurisdiction of the Petitioner minor E.T. The Respondents 'are engaging in an unlawful restraint by of the physical liberty of Petitioner in violation of the federal laws, and rights of the Petitioner and such restraint is without consent of Valerie Thames, biological parent of minor child E.T. The Respondents' should be immediately enjoined from deprivation and interfering in the constitutional rights of Respondent minor E.T.

## INTRODUCTION

1. The applicant has not exhausted the remedies available in the State courts, because no adequate remedy exists, as well as any attempt to exhaust any remedy would be futile.

2. The petitioner has no adequate or available remedies available in the State courts.

3. The Respondents' have falsely imprisoned the petitioner.

4. The Respondents actions are contrary to clearly established federal law, as determined by the United States Supreme Court governing laws set forth in **Wisconsin v Yoder, 406 U.S. 205, See Troxel, at 70, 120 S. Ct. 2054.**

5. The Respondents are wholly without personal or subject matter jurisdiction over the petitioner, in violation of the Due Process Clause, the Ex Post Facto Clause, the Equal Protection Clause, and numerous other substantial unconstitutional violations listed infra.

Page 3

6. These violations are not merely technical, but serious violations of constitutional rights.

7. There is an absence of available state corrective process.

8. The respondents methods employed do not conform to the broad requirements of Due Process.

9. Innocence is a constitutional claim, the claim of actual innocence triggers constitutional protections

10. The Petitioners have been subjected to extreme physical assaulted including torture by several of the Respondents'.

11. The errors and violations of the laws of the United States are so fundamentally defected that it will inherently result in a fundamental miscarriage of justice.

## Ground 1

**FALSE ARREST**

Respondents' Milwaukee police kicked in the petitioner's residential door, seized the petitioner, placed the petitioner, a minor child in handcuffs, without Defendants arrested the plaintiff without reading him his Miranda rights, without consent of his biological parent took the minor child to an adult interrogation room inside of the Milwaukee Police headquarters, located at 749 W State Street, and though the petitioner and the petitioner biological mother asked for the mother and a lawyer to be present, was denied both. The whereabouts of the minor child is assumed to be with the Milwaukee Police Department whom alleged that the minor E.T. would be at the Vel Philips Children Detention center. The respondents are fabricating a crime in order to justify the illegal and unlawful arrest and detainment against the petitioner. The respondents are acting ultra verse, under the pretense of color of the law, having no justification nor excuse in

law, and are instead gratuitous, illegal, improper, and unrelated to any activity in which the respondents' may appropriately and legally engage in the course of protecting persons or property, or ensuring civil order.

**Ground 2**

**The Petitioners' Fourth Amendment Rights were violated by the Respondents' seizure.**

The removal of minor child E.T. constituted a seizure within the meaning of the Fourth Amendment. The removable was unreasonable as it was done in violation of the Constitution of the United States as well as without lawful authority, as the respondents were and are acting under the pretense of color of law. The respondents' had no lawful authority to seize the minor child E.T. The taking of the minor child E.T. violated his rights to be free from unlawful seizures pursuant to the Fourth Amendment. The respondents' Conduct is objectively unreasonable and went beyond the bounds of human decency. A mother has a liberty interest in the custody of her child and that the interest cannot be taken away unless she has been given notice and an opportunity to be heard. The respondents' fail to prove the biological mother of the minor E.T. with any notice nor was a notice provided before the unlawful arrest and false imprisonment of her minor child E.T. **See Morrell v. Mock, 270 F.3d 1090 (7th Cir. 2001).**

**Ground 3**

**CRUEL & UNUSUAL PUNISHMENT**

Respondents' acted with deliberate indifference to serious medical needs of petitioner, violating 8th amendment right against cruel and unusual punishment, subjecting petitioner to unnecessary

and wanton infliction of pain, including damages to Petitioner's body, as a result of excessive force, and assault committed.

## Prayer for relief

.Wherefore, Petitioner, pray for the following relief: An immediate preliminary injunction and restraint order, against the respondents', enjoining respondents' from falsely imprisoning Petitioner and/ or attempted to put Petitioner in created danger by the respondents'. An immediate enjoining of the respondents' from the illegal and unlawful restraints against the Petitioner minor child E.T., finding that the respondents' have violated the petitioner's constitutional rights as described in said complaint, in violation of The Civil Rights Act, in violation of The United States Constitution and in violation of any and all rights retained by statue, ordinance and any federal bylaws. Effectuate any other relief deem necessary against the respondents'

I verify that the petition has been filed with good and that the foregoing is true and correct to the best of the petitioners' recollection and or knowledge as well as ability. I further request that the petition is liberally construed and that the petitioner is not an attorney.

Respectfully,

*[signature]* 02-04-2020
262-385-9914