UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

E.T., *by mother
and next friend Valerie Thames*,

        Petitioner,

  v.

MILWAUKEE POLICE DEPARTMENT,
JANE/JOHN DOE, and
VEL PHILIPS CHILDREN DETENTION CENTER,

        Respondents.

Case No. 20-cv-170-pp

---

**ORDER SCREENING AND DENYING *HABEAS* PETITION (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

---

On February 4, 2020, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. The petitioner paid the $5.00 filing fee. This order screens the petition, denies it and dismisses the case.

    A.    <u>Background</u>

The petition lists "Ex rel Valerie Thames, on behalf of her minor child E.T. by next friend Valerie Thames" as the petitioner. Dkt. No. 1 at 1. Ms. Thames states that she is the biological parent of E.T. (who appears to be her son). <u>Id.</u> at 3; <u>see also</u> <u>id.</u> at 4 ("... without reading *him his* Miranda rights ...") (emphasis added). Under a subsection titled "Preliminary Injunction," the petitioner states that the respondents "should be immediately enjoined from continuation the false imprisonment and the void jurisdiction of the Petitioner

1

minor E.T.," and "are engaging in an unlawful restraint by of the physical liberty of Petitioner." Id. at 3. The petition lists three grounds for relief: (1) "false arrest;" (2) a violation of E.T.'s Fourth Amendment right to be free from unlawful seizures; and (3) deliberate indifference, excessive force and assault in violation of the Eighth Amendment. Id. at 4-6.

B.  Rule 4 Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules for the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x. 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

A court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of the petitioner's claims. The court considers only whether the petitioner has stated cognizable grounds for federal *habeas* relief and whether the petitioner has exhausted state court remedies.

### C. Analysis

#### 1. *Facts*

Ms. Thames provided few facts. The petition states the following:

> Respondents' Milwaukee police kicked in the petitioner's residential door, seized the petitioner, placed the petitioner, a minor child in handcuffs, without Defendants arrested the plaintiff without reading him his Miranda rights, without consent of his biological parent took the minor child to an adult interrogation room inside of the Milwaukee Police headquarters, located at 749W State Street, and though the petitioner and the petitioner biological mother asked for the mother and a lawyer to be present, was denied both. The whereabouts of the minor child is assumed to be with the Milwaukee Police Department whom alleged that the minor E.T. would be at the Vel Philips Children Detention center. The respondents are fabricating a crime in order to justify the illegal and unlawful arrest and detainment against the petitioner.

Dkt. No. 1 at 4. It also alleges that the respondents subjected E.T. to "unnecessary and wanton infliction of pain, including damages to Petitioner's body, as a result of excessive force, and assault committed." Id. at 5-6.

#### 2. *Ms. Thames' Standing to File the Petition*

##### a. "Next Friend"

Under 28 U.S.C. §1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the

3

rules of such courts, respectively, are permitted to manage and conduct causes therein." Under Federal Rule of Civil Procedure 17(c)(1), a minor can sue through a general guardian, a committee, a conservator or a like fiduciary. Fed. R. Civ. P. 17(c)(1)(A)-(D). Minors without such representatives "may sue by a next friend or by a guardian ad litem." Id. at (c)(2).

In *habeas* litigation, "next friend" standing "has long been an accepted basis for jurisdiction in certain circumstances." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). "Next friend" standing "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Id. at 163. For "next friend" standing to apply, "[t]he burden is on 'the next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." Id. at 164 (citing Smith by & through Missouri Pub. Def. Comm'n v. Armontrout, 812 F.2d 1050, 1053 (8th Cir. 1987)). That burden requires a putative "next friend" to show (1) "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," id. at 163 (citing Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989)); and (2) that the "next friend" is "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate." Id. (citing Morris v. United States, 399 F. Supp. 720, 722 (E.D. Va. 1975)); see also Bria Health Serv's, LLC v. Eagleson, 950 F.3d 378, 384 (7th Cir. 2020). "[I]t has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." Id. at 163-64 (citing Davis v. Austin, 492 F. Supp. 273, 275-76 (N.D. Ga.

4

1980)). "These limitations on the 'next friend' doctrine are driven by the recognition that '[i]t was not intended that the writ of habeas corpus should be availed of, as a matter of course, by intruders or uninvited meddlers, styling themselves as next friends.'" Id. at 164 (quoting United States ex rel. Bryant v. Houston, 273 F. 915, 916 (2d Cir. 1921)).

One cannot file a *habeas* petition on behalf of a detainee if that detainee could file the petition; a "next-friend applicant, among other things, must therefore explain why the detainee did not sign and verify the petition." Lane, 870 F.3d at 1253 (citing Weber v. Garza, 570 F.2d 511, 513 (5th Cir. 1978)). Without such an explanation, "the court is without jurisdiction to consider the petition." Id. (citing Weber, 570 F.2d at 513).

Ms. Thames has alleged that she is E.T.'s mother and that E.T. is a minor. Taking the allegations of the petition as true, Ms. Thames has established that she has a significant relationship with E.T. The court can infer from the sparse facts that the reason E.T. could not file the petition on his own behalf is because was in custody. Ms. Thames does not appear to have known exactly where E.T. was being held—she suspects it was at Children's Court (the Vel Philips Center). Perhaps that is why E.T. did not sign or verify the petition. Construing the allegations in the petition in the light most favorable to the petitioner, the court will assume that Ms. Thames is qualified to act as E.T.'s next friend.

b.  *Pro Se* Status

While a parent may sue on behalf of a child as a guardian under Rule 17(c), a parent who is not an attorney cannot do so without counsel. Amaya v. Pitner, 130 F. App'x. 25, 27 (7th Cir. 2005) (citing Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir. 2001)). "Normally, representative parties such as next friends may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorney." Elustra v. Mineo, 595 F.3d 699, 704 (7th Cir. 2010) (citing 28 U.S.C. §1654; Fed. R. Civ. P. 11(a); Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830-31 (7th Cir. 1986)).

Ms. Thames filed this petition *pro se*—without counsel. She does not indicate that she is a lawyer. She needs an attorney to prosecute a *habeas* petition on behalf of her minor child.

3.  *Abstention Doctrine*

Even if a lawyer had filed the petition on Ms. Thames' (and E.T.'s) behalf, it appears from the limited facts that the court would be required to dismiss the petition. Ms. Thames implies that the police entered E.T.'s house without a warrant, and arrested him without a warrant, for a crime she says the police fabricated. If E.T. is still in custody,[1] that likely means that there are criminal charges pending against him and he is awaiting adjudication on those charges.

---

[1] Ms. Thames filed the petition on February 4, 2020. While the court deeply regrets that its heavy case load prevented it from screening the petition sooner, it notes that Ms. Thames has not contacted the court or filed anything further since the date on which she filed the petition. E.T. may no longer be in custody, in which case this §2241 petition would be moot.

6

E.T. may challenge the constitutionality of the officers' entry into his home and his arrest—and may seek release through bond or acquittal—in state court.

The doctrine of Younger abstention limits this federal court's ability to interfere with ongoing state-court criminal proceedings absent special circumstances. See, *e.g.*, O'Malley, 352 F. App'x at 94 (citing Younger, 401 U.S. at 43-45). Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Generally, relief is available only after the petitioner has exhausted state-court remedies. Olsson v. Curran, 328 F. App'x. 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Younger, 401 U.S. at 49 (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

Ms. Thames did not include a state-court case number, so the court cannot determine whether E.T. currently is subject to ongoing state-court criminal proceedings. If he is, he has what the United States Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123, . . . and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is

7

> to be done. The accused should first set up and rely u[p]on his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

This federal court could not interfere with those ongoing state criminal proceedings.

Ms. Thames has not cited extraordinary circumstances. She asserts that E.T. has not exhausted his remedies in state court because no adequate remedy exists and she says that any attempt to exhaust would be futile. Dkt. No. 1 at 3. She does not explain why E.T. cannot file a motion to quash his arrest, he may challenge the sufficiency of the evidence by having a jury trial or may seek release from custody from the state-court judge.

The *habeas* petition also is premature if E.T. is subject to ongoing state-court criminal proceedings. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). Ms. Thames has not explained whether E.T. is subject to ongoing state-court criminal proceedings, whether he has had his constitutional claims determined by the trial court, or whether he has presented his claims to the court of appeals or sought review of the court of appeals' decision in the Wisconsin Supreme Court. Without that information, the court cannot determine whether, as Ms. Thames indicates, exhaustion would be futile.

8

Ms. Thames seeks relief for E.T. under 28 U.S.C. §2241. Dkt. No. 1. While §2241 is the appropriate statute for a pretrial detainee to use to challenge the *fact* of his confinement, see Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015), it is *not* the appropriate statute for him to use to challenge the *conditions* of his confinement (Ms. Thames alleges that E.T.'s confinement constitutes cruel and unusual punishment). See Debruzzi v. Williams, Nos. 3:20-cv-00596-SMY, 3:20-cv-00783-SMY, 2020 WL 5110714, at *2 (S.D. Ill. Aug. 31, 2020) (citing Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994); Glaus v. Anderson, 408 F.3d 382, 386-87 (7th Cir. 2005)). An incarcerated person who wishes to challenge the *conditions* of confinement must file a lawsuit under 42 U.S.C. §1983. Id. (citing Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999)).

### 4. *Failure to State a Claim*

Finally, the court has noted that Ms. Thames provided little detail about what happened to E.T. She does not explain the date on which these events occurred. She does not say what the police accused E.T. of doing. She says that the respondents hurt E.T., but does not say what they did to hurt him or how he was injured. Even if an attorney had filed the petition for Ms. Thames, and even if the petition was not asking this federal court to interfere in a state criminal proceeding by seeking the release of what appears to have been a person incarcerated in state custody, Ms. Thames has not stated sufficient facts to allow her to proceed.

This is not Ms. Thames' first time in federal court. This is the fourth case Ms. Thames has filed in this district. She previously was a plaintiff in the following three cases: Charles Griffin, Jr., *et al.* v. City of Milwaukee, *et al.*, Case No. 05-cv-510 (dismissed on August 11, 2005); Gabriel Griffin, *et al.* v. State of Wisconsin, *et al.*, Case No. 06-cv-203 (dismissed January 18, 2007); Thames v. City of Milwaukee, *et al.*, Case No. 07-cv-12 (dismissed May 22, 2007). She should be aware of the fact that she needs to state sufficient facts about the who, what, when, where and why of her allegations in order to proceed.

D. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate that the petition does not warrant *habeas* relief under 28 U.S.C.§ 2241.

E.  Conclusion

The court **DENIES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of April, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**